JOSEPH RODRIGUE     *     NO. 2024-CA-0806

VERSUS     *

    COURT OF APPEAL

CITY OF NEW ORLEANS     *

FIRE DEPARTMENT     FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION
NO. 22-00781, DISTRICT "8"
Honorable Abril Baloney, The Office of Workers' Compensation
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)


William Roy Mustian, III
STANGA & MUSTIAN, P.L.C.
3117 22nd Street, Suite 6
Metairie, LA 70002


    COUNSEL FOR PLAINTIFF/APPELLEE, Joseph Rodrigue


Wayne J. Fontana
Stephen G. Collura
ROEDEL PARSONS BLACHE FONTANA PIONTEK & PISANO, A L.C.
1555 Poydras Street, Suite 1700
New Orleans, LA 70112


    COUNSEL FOR DEFENDANT/APPELLANT, City of New Orleans Fire
Department


         **JUDGMENT VACATED; REMANDED**
            **MARCH 31, 2025**

DNA

PAB

TGC

This is a workers' compensation case. Appellant, the City of New Orleans Fire Department ("NOFD"), appeals the September 29, 2023 judgment rendered by the workers' compensation judge ("WCJ"), which ruled on a disputed claim for compensation filed by Appellee, Joseph Rodrigue ("Mr. Rodrigue"). First, the WCJ ruled Mr. Rodrigue established he had a compensable claim under the Firefighter's Heart and Lung Act (La. R.S. 33:2581). Second, the WCJ held Mr. Rodrigue was entitled to temporary total disability benefits in the amount of $705 per week, retroactive to September 22, 2021. Third, the WCJ found Mr. Rodrigue failed to establish that medical bills were incurred by his health insurer as a result of the NOFD's denial of his claim for compensation and, as a result, the NOFD was not liable for health insurance reimbursements pursuant to La. R.S. 23:1205(C). Fourth, the WCJ ruled Mr. Rodrigue was not entitled to an award of penalties and attorney's fees because he failed to plead or pray for same prior to the matter being submitted. However, the WCJ then further ruled in the judgment "that this matter shall be dismissed with prejudice."

As written, the judgment listed the issues presented at trial as:

1.      Whether [Mr. Rodrigue] has a compensable claim under the [Firefighter's] Heart and Lung Act?

1

2.      What benefits are awardable to [Mr. Rodrigue]?

3.      Whether [the NOFD] is liable to [Mr. Rodrigue]'s health insurer for the payment of certain medical benefits?

4.      Whether [Mr. Rodrigue] is entitled to an award for Penalties and Attorney's Fees?

The judgment then provided the following decree:

The Court has concluded from the testimony and evidence presented, the following:

[1.] **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that [Mr. Rodrigue] has established that he has a compensable claim under the [Firefighter's] Heart and Lung Act.

[2.] **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that [Mr. Rodrigue] is entitled to temporary total disability benefits in the amount of $705 per week, retroactive to September 22, 2021, subject to the coordination of benefits, as established by La. R.S. 23:1225(C).[1]

---

[1] Louisiana Revised Statutes 23:1225 is titled "Reductions when other benefits payable." It states, in pertinent part:

C. (1) If an employee receives remuneration from:

(a) Benefits under the Louisiana Workers' Compensation Law.

(b) Repealed by Acts 2003, No. 616, § 1.

(c) Benefits under disability benefit plans in the proportion funded by an employer.

(d) Any other workers' compensation benefits,

then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.

(2) Notwithstanding the provisions of Paragraph (1) of this Subsection, benefits payable for injury to an employee under this Chapter shall not be reduced by the receipt of benefits under this Chapter or any other laws for injury or death sustained by another person.

(3) If an employee is receiving both workers' compensation benefits and disability benefits subject to a plan providing for reduction of disability benefits, the reduction of workers' compensation benefits required by Paragraph (1) of this Subsection shall be made by taking into account the full amount of employer

[3.] **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that [Mr. Rodrigue] failed to establish that medical bills were incurred by [his] health insurer, as a result of [the NOFD]'s denial of the claim. As such, [the NOFD] is not liable for health insurance reimbursements, pursuant to La. R.S. 23:1205(C).[2]

[4.] **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that [Mr. Rodrigue] is not entitled to an award for penalties and attorney's fees, as [he] failed to plead or pray for the same prior to the matter being submitted.

[5.] **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this matter shall be dismissed with prejudice.

The decretal language of this judgment is contradictory. On the one hand, the judgment decrees Mr. Rodrigue proved a compensable claim under the

---

funded disability benefits, pursuant to plan provisions, before any reduction of disability benefits are made.

(4) If a conflict arises between the application of the provisions of this Section and those of any other Louisiana law or contract of insurance, the provisions of this Section shall control.

La. R.S. 23:1225(C).

[2] Louisiana Revised Statutes 23:1205 is titled "Claim for payments; privilege of employee; non-assignability; exemption from seizure; payment of denied medical expenses." It provides, in relevant part:

C. (1) In the event that the workers' compensation payor has denied that the employee's injury is compensable under this Chapter, then any health insurer which contracts to provide health care benefits for an employee shall be responsible for the payment of all medical benefits pursuant to the terms of the health insurer's policy. Any health insurer which contracts to provide health care benefits for an employee who violates the provisions of this Subsection shall be liable to the employee or health care provider for reasonable attorney fees and costs related to the dispute and to the employee for any health benefits payable.

(2) The payment of medical expenses shall be recoverable pursuant to and in accordance with Subsection B of this Section. However, if it is determined that the worker's compensation payor was responsible for payment of medical benefits that have been paid by the health insurer, the obligation of the worker's compensation payor for such benefits shall be to reimburse the health insurer one hundred percent of the benefits it paid. If it is determined that the worker's compensation payor was responsible for payment of benefits and its denial of responsibility is determined to be arbitrary and capricious, then the health insurer shall also be entitled to recover legal interest on any benefits it paid, calculated from the date such benefits were due.

La. R.S. 23:1205(C).

Firefighter's Heart and Lung Act and is entitled to weekly disability benefits but is not entitled to health insurance reimbursement, penalties, and attorney's fees. Those holdings appear in paragraphs one through four of the decretal section of the judgment and match up with the four issues listed by the trial court as having been raised in this matter. On the other hand, the judgment then rules the entire matter is dismissed with prejudice, thereby contradicting the prior four paragraphs that resolved all of the issues raised in this matter. This holding appears in paragraph five of the decretal section of the judgment. That is, the judgment essentially contains a decree granting some of the relief requested by Mr. Rodrigue and denying the rest of the relief requested by him (paragraphs one through four) but contains another decree dismissing his entire case (paragraph five).

The contradictory language of the September 29, 2023 judgment renders this Court unable to address the merits of the NOFD's appeal. Although the NOFD's brief to this Court focuses on the WCJ's conclusion that Mr. Rodrigue proved a claim under the Firefighter's Heart and Lung Act, the record is unclear as to the WCJ's intent in stating in the judgment that the matter was dismissed with prejudice after having already delineated a ruling for each of the issues raised at the trial of this matter. It is unclear whether the WCJ was granting some of the relief requested by Mr. Rodrigue and denying the rest of the relief requested by him (paragraphs one through four) or if the WCJ was dismissing his entire case (paragraph five).

Given the procedural posture of this appeal, we find it appropriate to exercise our discretion under La. C.C.P. art. 2164[3] to vacate the September 29,

---

[3] Louisiana Code of Civil Procedure Article 2164 provides:

2023 judgment and to remand for the trial court to issue a proper judgment. *See* La. C.C.P. art. 2162.[4] *See generally Jones v. Quality Distrib., Inc.*, 2021-0280, 0281 (La. App. 4 Cir. 8/4/21), 325 So.3d 1097.

**DECREE**

For the foregoing reasons, we vacate the WCJ's September 29, 2023 judgment and remand this matter to the trial court to issue a proper judgment within fifteen days of the date of this Opinion.

**JUDGMENT VACATED; REMANDED**

---

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

[4] Louisiana Code of Civil Procedure Article 2162 states, in pertinent part:

An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.